

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | CASE NO. 1:05-CR-136(4) |
| | § | |
| **YONGUE JOHN GROGAN** | § | |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR GOVERNMENT TO DISCLOSE TO THE DEFENDANT THE IDENTITY AND CONTACT INFORMATION OF ITS CONFIDENTIAL INFORMANT**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court, Eastern District of Texas, the District Court ordered that this matter be referred to the undersigned magistrate judge for entry of a report and recommendation on *Defendant's Motion for Government to Disclose to the Defendant the Identity and Contact Information of its Confidential Informant*[1] [Clerk's doc. #77].

### A. The Indictment

On September 13, 2005, a federal grand jury sitting in the Eastern District of Texas, Beaumont Division, indicted the Defendant and four other individuals. Count I of the Indictment charges Defendant with conspiring with his co-defendants, and other individuals, to possess with the intent to distribute crack cocaine, in violation of Title 21, United States Code, Section 846.

---

[1] See *Order* referring motion. [Clerk's doc. #123].

Count VI of the Indictment alleges that Defendant, on or about June 20, 2005, possessed with the intent to distribute crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1). The grand jury subsequently filed a Superseding Indictment. The Superseding Indictment added additional defendants but did not change the charges against Defendant.

B. **The Motion**

On June 20, 2005, officers with the Beaumont Police Department executed a search and arrest warrant at 5275 Bigner in Beaumont, Texas. The search warrant was supported by an affidavit submitted by Officer Erik Kvarme, who is a narcotics officer with the Beaumont Police Department. In the affidavit, Kvarme states that a confidential informant informed him that within the last 72 hours, he/she observed individuals possessing and selling cocaine and observed cocaine in different places at the residence located on Bigner Road.

Through his motion, Defendant contends that these accusations are false and he wishes to prove this fact during a hearing conducted under *Franks v. Delaware*.[2] He argues that, at a minimum, revealing the confidential informant's identity would give his attorney the opportunity to interview the informant and enable the defense to subpoena him so that it can meet its burden under *Franks v. Delaware*.

The Government responds that the confidential informant is not a witness in the case in which Defendant is indicted and has no knowledge of the offense. The Government also represents to the Court that it has no intention of calling the confidential informant to testify at trial. The Government contends that, under the balancing test set forth in *Rovario v. United States*,[3] the

---

[2] 428 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

[3] 353 U.S. 53, 77 S.Ct. 623 (1957).

Government should not be forced to disclose the identity of this confidential informant.

    **C.**    **Legal Analysis**

The Government is not required to disclose the identity of a confidential informant unless the informant's identity is relevant and helpful to the defense of the accused or is essential to a fair determination of a cause. *Roviaro v. United States*, 353 U.S. 53, 59-63, 77 S.Ct. 623, 1 L.ED.2d 639 (1957). In cases applying *Roviaro*, the Fifth Circuit Court of Appeals has established a three-part test to determine whether disclosure is mandated. *United States v. De Los Santos*, 810 F.2d 1326, 1331 (5th Cir. 1987), *cert. denied,* 484 U.S. 978, 108 S.Ct. 490, 98 L.Ed.2d 488 (1987) (citations omitted).

First, this Court must evaluate the level of the informant's participation in the alleged criminal activity. *Id.* Next, we consider the helpfulness of disclosure to any asserted defense. *Id.* Third, we consider the Government's interest in nondisclosure. *Id.*

If the informant's participation is minimal, the *Roviaro* balance favors nondisclosure. *De Los Santos*, 810 F.2d at 1331. "Even though an informant is present during a critical transaction, the fact that he does not actively participate favors nondisclosure." *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir. 1979) (citations omitted). With regard to the second factor, the defendant must make a sufficient showing that the testimony would significantly aid the defendant in establishing an asserted defense. *United States v. Orozco*, 982 F.2d 152, 155 (5th Cir. 1993), *cert. denied,* 508 U.S. 945, 113 S. Ct. 2430, 124 L. Ed. 2d 650. Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure. *Id.* In examining the Government's interest in nondisclosure, the Court will consider the safety of the informant and the informant's future usefulness to the authorities as a continuing confidential source. *United States*

*v. Ayala*, 643 F.2d 244, 247 (5th Cir. 1981).

The Fifth Circuit Court of Appeals recently decided a case with facts virtually identical to the case at bar.[4] In *United States v. Edwards*, the district court allowed a law enforcement officer to proffer ex- parte testimony on behalf of a confidential informant whose testimony was the sole basis for obtaining a search warrant to search Edward's residence. *Id.* at 962. In an unpublished opinion, the Fifth Circuit noted that, although Edwards' complaint on appeal was that his Confrontation Clause rights were violated by the ex parte hearing, his Confrontation Clause claim necessarily implicated the issue of whether the informant's identity should be disclosed. *Id.* Addressing that issue, the Court noted that Edwards was not charged with the sale of cocaine to the informant and the informant did not actively participate in the search and, therefore, was not a witness to the charged offense. *Id.* at 963. The Fifth Circuit further pointed out that Edwards was able to question the affiant regarding the informant's testimony and put on testimony contradicting the informant's testimony. *Id.* Finally, the Court held that the informant was still being utilized and the disclosure of his or her identity would have jeopardized the informant's safety and usefulness and that the district court did not abuse its discretion when it denied Edward's motion to disclose the confidential informant's identity. *Id.*

Also, this Court may conduct an *in camera* hearing to balance the conflicting interests involved. *United States v. Orozco*, 982 F.2d 152, 155 (5th Cir. 1993). The use of *in camera* review has been cited approvingly many times by the Fifth Circuit Court of Appeals. *Id.* at 156. This *in camera* hearing serves to protect the Government's interest in maintaining the anonymity of the

---

[4] *See United States v. Edwards*, No. 04-40744, 133 Fed. Appx. 960, 2005 U.S. App. LEXIS 10655 (5th Cir. June 8, 2005) (per curiam).

informant while also insuring the defendant's interest in having access to any witness who possesses facts which would aid him in his defense. *Id.* The defendant's Sixth Amendment right to assistance of counsel is not violated by an *in camera* proceeding used to determine whether the disclosure of an informant's identity would benefit the defense and therefore should be revealed. *Id.*

This Court has conducted an *in camera* hearing and elicited the sworn testimony of Officer Kvarme.[5] This Court finds that the confidential informant apparently was not a participant in the conspiracy set forth in Count I of the Superseding Indictment, nor was he/she a participant in Count VI. Further, the informant did not participate in the search of Defendant's residence on the day in question. His/her participation is quite minimal and thus weighs in favor of nondisclosure. It also appears that Defendant has failed to establish that the informant's testimony would significantly aid in his defense. Like the defendant in *Edwards*, Grogan attempts to determine the identity of the confidential informant to challenge the probable cause determination. However, like in *Edwards*, Grogan, with a proper showing, may be able to cross-examine Officer Kvarme as to the veracity of the informant.

Finally, the Court must examine the Government's interest in nondisclosure. This Court finds that the informant is presently being utilized by the Government and will be utilized in the future. The Court also finds that the informant has a legitimate concern for his/her safety should his/her identity be disclosed. Therefore, this factor also weighs in favor of nondisclosure.

### D.   **Conclusion and Recommendation of the Court**

Accordingly, having considered the factors and evidence presented, and based upon the

---

[5] The Court ordered, on the record , that the transcript of the hearing be placed under seal and only made available to the district court for it's review of this Court's decision and to the appellate court should this issue be appealed.

findings of fact and conclusions law stated herein, the undersigned magistrate recommends that the District Court deny *Defendant's Motion for Government to Disclose to the Defendant the Identity and Contact Information of its Confidential Informant* [Clerk's doc. #77].

    **E.**    **Objections**

Pursuant to 28 U.S.C. § 636(b)(1)(C), all parties are entitled to serve and file written objections to the report and recommendation of the magistrate judge within ten (10) days of receipt of this report. Failure to file specific, written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

    **SIGNED this the 21st day of February, 2006.**

                                        KEITH F. GIBLIN
                                        UNITED STATES MAGISTRATE JUDGE