


**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:05-CR-136(04)** |
| | § | |
| **YONGUE JOHN GROGAN** | § | |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED PURSUANT TO SEARCH WARRANT**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court, Eastern District of Texas, by order of the District Court, this matter was referred to the undersigned magistrate judge for a hearing and the submission of findings of fact and a report and recommendation on *Defendant's Motion to Suppress Evidence Seized Pursuant to Search Warrant*[1] [Clerk's doc. #198].

**A. Background**

**Defendant's motion and memorandum in support**

Pursuant to Rule 41(h) of the Federal Rules of Criminal Procedure, Defendant brings his *Motion to Suppress Evidence Seized Pursuant to Search Warrant* [Clerk's doc. #198], seeking to suppress certain evidence obtained from a search of his residence which occurred on or about June

---

[1] See *Order* referring motion. [Clerk's doc. #205].

20, 2005.[2] In his motion, Defendant contends that the search warrant's supporting affidavit does not reflect sufficient probable cause to justify issuance of the search warrant. Defendant's motion also states that the search warrant was illegally issued because the issuing magistrate was misled by information in the affidavit that the officer knew was false or would have known was false except for his reckless disregard for the truth.

In his *Memorandum in Support of Defendant's Motion to Suppress Evidence Seized Pursuant to Search Warrant* [Clerk's doc. #199-1], Defendant argues that the affidavit supporting the search warrant in this case was a "bare bones" affidavit because it lacks any "indicia of probable cause". Defendant argues that the affidavit does not pass muster in that (1) the informant's statements were not made against his or her penal interest; (2) the information given was not sufficiently corroborated by independent investigation or contemporary observations of the police; (3) the affidavit lacked a sufficient level of detail; and (4) the affidavit contains boiler plate language and it similar to an affidavit utilized in another search.

**The Government's response**

The Government has filed its *Response to Defendant's Motion to Suppress* [Clerk's docket #203]. In its' response, the Government disputes that the affidavit in question is so lacking in probable cause as to render official belief in its existence entirely unreasonable. The Government argues that the affidavit is sufficient because (1) the issuing magistrate was able to determine that the informant was reliable and credible; and (2) investigation by law enforcement corroborated the information provided by the informant. The Government further argues that even if the Court

[2] Defendant's motion also seeks to suppress any statements made by Defendant obtained in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments. In their briefings, the parties have not made the Court aware of any such statements, and have not addressed the matter in their analysis. Therefore, this Court does not address the admissibility of any such statements.

determines that the affidavit failed to set forth facts constituting probable cause, the good faith rule applies in this case. Responding further, the Government contends that Defendant's claim that the issuing magistrate was misled by falsehoods contained in the affidavit or information that the affiant should have known was false is a conclusory statement which does not make the requisite preliminary showing required under *Franks v. Delaware.*[3]

**B. Legal Analysis**

**The search warrant and accompanying affidavit.**

This Court conducts a two - step analysis when considering a motion to suppress evidence obtained pursuant to a search warrant. *See United States v. Cisneros*, 112 F.3d 1272, 1278 (5th Cir. 1997). The first step is to determine whether the good - faith exception to the exclusionary rule applies. *Id.* The good - faith exception to the exclusionary rule provides "that evidence obtained by law enforcement officials acting in objectively reasonable good - faith reliance upon a search warrant is admissible in the prosecution's case-in-chief, even though the affidavit on which the warrant was based was insufficient to establish probable cause." *United States v. Craig*, 861 F.2d 818, 821 (5th Cir. 1988)(Citing *United States v. Leon*, 468 U.S. 897, 922-23, 104 S. Ct. 3405, 3419-21, 82 L. Ed.2d 677 (1984). "Issuance of a warrant by a magistrate normally suffices to establish good faith on the part of law enforcement officers who conduct a search warrant pursuant to the warrant." *Id.* The motion to suppress evidence should be denied if the good - faith exception applies. *United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1997).

Nonetheless, the officers' good faith cannot be established, for example, when a warrant is "based on an affidavit so lacking in indicia of probable cause as to render official belief in its

[3] *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed.2d 667 (1978).

existence entirely unreasonable." *Leon*, 468 U.S. at 923, 104 S. Ct. at 3420.

In other words, a police officer may rely in good faith on the validity of a warrant so long as the warrant is supported by more than a "bare bones" affidavit. *Cisneros*, 112 F.3d at 1278. An affidavit is "bare bones" if it is so deficient in demonstrating probable cause that it renders an officer's belief in the existence of probable cause completely unreasonable. *Cisneros*, 112 F.3d at 1278. A bare bones affidavit contains "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." *United States v. Laury*, 985 F.2d 1293, 1311 n.23 (5th Cir. 1993). An affidavit is bare bones when it merely alleges that a police officer "has cause to suspect and does believe" that contraband is located on the premises of the place to be searched. *United States v. Brown*, 941 F.2d 1300, 1303 n.1 (5th Cir. 1991) (Quoting *Nathanson v. United States*, 290 U.S. 41, 54 S. Ct.11, 78 L. Ed. 159 (1933)). An affidavit which merely states that officers "have received reliable information from a credible person and do believe that heroin is stored in a home" is also bare bones and conclusory. *Id.* (Quoting *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed.2d 723 (1964)).

Affidavits that are not bare bones contain more than conclusory statements. In *United States v. McKnight*, 953 F.2d 898 (5th Cir.), *cert. denied* 504 U.S. 989 (1992), an informant stated in the affidavit that he had been to McKnight's residence within the past seventy-two hours and that a methamphetamine cooking process was taking place. The informant stated that the process was in its final stages and methamphetamine was hidden in an out-building on the property. *Id.* The Court of Appeals for the Fifth Circuit held that the affidavit set forth details regarding the informant's presence at McKnight's residence and his observations therein by which a magistrate could judge whether the informant had a sufficient basis of knowledge of the operations being conducted at

McKnight's residence. *Id.* The Fifth Circuit further held that the officer's assertion in the affidavit that the confidential informant was "reliable" and had "furnished him with information in the past that has proved to be reliable and true" provided the magistrate with sufficient indicia of the reliability and veracity of the informant's tip. *Id.* The Court held that where the "existence of probable cause itself was at least likely established by the affidavit, it is impossible to argue that the warrant was facially invalid and that an officer's reliance on it could be unreasonable". *Id.*

This Court concludes that the affidavit at issue in this case provided as much or more information than the affidavit in *McKnight.* The informant stated that he/she had been in the residence within the past seventy-two hours and had observed persons possessing and selling cocaine.[4] The informant stated that he/she observed cocaine being kept in different places within the residence, on suspected persons, on the grounds of the residence, and in a pick-up truck located at the home. The affiant, Officer Eric Kvarme, informed the state magistrate that Defendant, who was alleged to have control of the residence, "is known to have a history of narcotic related violations of the laws of the State of Texas and violence toward others". He also informed the magistrate that he (Kvarme) conducted surveillance on the residence for several days and observed activity consistent with drug trafficking. Kvarme, as the affiant, provided the state magistrate with more than a conclusory statement that an informant confirmed that controlled substances were present at the defendant's residence. Kvarme's affidavit informed the state magistrate of the basis of that proposed conclusion; specifically that a reliable informant had actually been in the residence within the past seventy-two hours and had, in fact, observed persons possessing and selling cocaine.

[4] The informant stated that he/she knew from personal experience that the substance was cocaine and also stated that individuals did in fact inform him/her that the substance was cocaine.

The informant went into some detail and stated that the cocaine was observed being kept in different places inside and outside of the residence, as well as in a green Chevrolet pick-up truck.[5]

Importantly, Kvarme stated in the affidavit that Defendant was known to have a history of narcotics related violations[6] and that he (Kvarme) conducted surveillance on the premises for several days and observed activity consistent with drug trafficking. This would certainly corroborate the information received from the confidential informant.

Therefore, this Court finds that the affidavit in this case is more than a "bare bones" affidavit and, accordingly, the officers executing the search warrant were entitled to good faith reliance upon it. Defendant's motion to suppress should be denied on this ground.[7]

**C. <u>Conclusion and Recommendation of the Court</u>**

Accordingly, having considered the factors and evidence presented, and based upon the findings of fact and conclusions law stated herein, the undersigned magistrate recommends that the

---

[5] Defendant correctly notes that this Court has held that a high degree of detail provided by the informant provides an indicia of probable cause. *See United States v. Cutwright*, No. 9:05-CR-19, 2006 U.S. Dist. LEXIS 13746, 2006 WL 618322, at *4 (E.D. Tex. March 10, 2006). That is certainly true. Although the informant in the case at bar did not go into great detail as to exactly where he observed cocaine on the premises (for example, "in the bedroom closet") he/she did not merely state that cocaine was present at the residence and leave it at that. He/she stated that it was inside the residence, outside the residence, and also in the pick-up truck. This degree of detail would suffice to give the state magistrate a reasonable basis to conclude that the informant had been to the premises and observed the controlled substances.

[6] *See Jones v. United States*, 362 U.S. 257, 271, 80 S. Ct. 725, 736, 4 L. Ed.2d 697 (1960)(". . Petitioner was known by police to be a user of narcotics. Corroboration through other sources of information reduced the chances of a reckless or prevaricating tale; that petitioner was a known user of narcotics made the charge against him much less subject to scepticism than would be such a charge against one without such a history.").

[7] As stated above, Defendant Grogan also alleges that the affidavit contained false information that Officer Kvarme knew was false or would have known was false except for his reckless disregard for the truth. Defendant submitted another affidavit, very similar to the one at issue here, which was previously submitted to the same magistrate in a different case. The fact that officers with the Beaumont Police Department use similar affidavits is not a substantial preliminary showing. This Court finds that this allegation or conclusion, by itself without an offer of proof, affidavits, or sworn statements, it not sufficient to mandate an evidentiary hearing. *See Franks,* 438 U.S. at 171, 98 S. Ct. at 2684.

District Court deny Defendant's *Defendant's Motion to Suppress Evidence Seized Pursuant to Search Warrant* [Clerk's doc. #198].

**D. Objections**

Pursuant to 28 U.S.C. § 636(b)(1)(C), all parties are entitled to serve and file written objections to the report and recommendation of the magistrate judge within ten (10) days of receipt of this report. Failure to file specific, written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 17th day of April, 2006.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE